**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel Andres MENDEZ,**
**Defendant–Appellant.**

**No. 13–10015.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2014.\*

Filed Jan. 29, 2014.

Erica Leigh Seger, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephanie Kathryn Bond, Esquire, Law Offices of Stephanie K. Bond, PC, Thomas Harold Wilson, The Law Offices of Thomas Wilson, PC, Tucson, AZ, for Defendant–Appellant.

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District Judge.\*\*

MEMORANDUM \*\*\*

Miguel Andres Mendez appeals his sentence following a plea of guilty to a violation of 8 U.S.C. § 1326(a). We have juris-

the Eastern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

The district court did not plainly err in imposing a sixteen-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. *See United States v. Gallegos–Galindo*, 704 F.3d 1269, 1272 (9th Cir.2013) (stating that the court reviews for plain error when a defendant of violating Wisconsin Statute § 940.225(3)), which prohibits *either* sexual intercourse without consent *or* sexual contact without consent. Applying the modified categorical approach, Mendez's conviction qualifies as a "crime of violence" because it constitutes a "forcible sex offense" under U.S.S.G. § 2L1.2. *See Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2281–82, 186 L.Ed.2d 438 (2013) (permitting application of the modified categorical approach only if a defendant was convicted of violating a divisible statute); *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1227 n. 4 (9th Cir.2008) (explaining that the defendant's entry of an *Alford* plea does not preclude the application of the modified categorical approach). The judicially noticeable documents that the government submitted to the district court demonstrate that Mendez was convicted of third-degree sexual assault for having sexual intercourse with the victim without the victim's consent. *See Gallegos–Galindo*, 704 F.3d at 1274–75 (holding that sexual intercourse without the victim's consent constitutes a "forcible sex offense").

**AFFIRMED.**